UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAM DAVIS, JR. | CIVIL ACTION |
| VERSUS | NO. 18-605-BAJ-RLB |
| ALLEN RENE FREDERICK, LLC | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 24, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAM DAVIS, JR.                                         CIVIL ACTION

VERSUS                                                  NO. 18-605-BAJ-RLB

ALLEN RENE FREDERICK, LLC

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has granted Plaintiff Adam Davis, Jr.'s Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 3). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

The Court issued an Order (R. Doc. 9) on October 3, 2018 notifying Plaintiff of a hearing to be held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), which Order was sent to Plaintiff via Certified Mail at the last address provided by Plaintiff on July 3, 2018 (R. Doc. 8). A hearing was held on October 25, 2018 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), wherein Plaintiff failed to appear. (R. Doc. 11).

**I.     Nature of Plaintiff's Allegations**

Plaintiff filed his initial Complaint (R. Doc. 1) on June 4, 2018, his first Amended Complaint (R. Doc. 2) on June 6, 2018, and his second Amended Complaint (R. Doc. 5) on June 11, 2018, naming Allen Rene Frederick, LLC as sole Defendant therein. Plaintiff alleges that Defendant represented him in a personal injury suit in Arkansas, or at the very least was hired to represent him and then sought to enroll Arkansas counsel. (R. Doc. 5 at 4). He states that he was run over on March 18, 2010 by a fork lift at his job, and suffered spinal injuries. (R. Doc. 1 at 1;

R. Doc. 5 at 5). As a result of Defendant's representation of Plaintiff in Arkansas, Plaintiff alleges that he received $257,000. He states that he used that money to buy a "peter built," but that he did not see any check, that he had to pay for his own surgery, that his personal injury suit was for $36 million, and files suit against "Allen Renee Fredrick to for [misrepresentation]." (R. Doc. 5 at 5-6). When prompted to "[s]tate briefly exactly what you want the court to do for you," Plaintiff writes, "[g]et my money that this attorney has for me for pain and suffering lost wages disable for life what my suit was own & to me." (R. Doc. 2 at 5).

**II.    Law and Analysis**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly

incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). The Court notes that plaintiff was given an opportunity to address any concerns of the Court, yet failed to appear as ordered. In addition, a Court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule

12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

### A.    Subject Matter Jurisdiction

In general, two bases exist for a federal court to exercise its jurisdiction—federal question jurisdiction and diversity jurisdiction. Under 28 U.S.C. § 1331, a federal court has jurisdiction over controversies arising under questions of federal law. Under 28 U.S.C. § 1332, a federal court has jurisdiction over disputes between citizens of different states (i.e., diverse citizens) where the amount in controversy exceeds $75,000.00. "[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbot Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005).

Before the Court can address the sufficiency of Plaintiff's substantive claims, we must first determine whether the exercise of subject matter jurisdiction is proper, by way of either federal question or diversity.

### 1.    Federal Question Jurisdiction

Plaintiff seeks return of sums allegedly owed to him by his former attorney arising out of the resolution of a personal injury suit. Plaintiff makes allegations that he never saw any check, nor signed any papers, which would raise questions of malpractice. (R. Doc. 2 at 4). Plaintiff also alleges that he received $250,000 from his personal injury action, but is owed more, which may raise issues of contract law potentially stemming from the fee arrangement between Plaintiff and his former attorney. (R. Doc. 5 at 4). He attaches citations to the Louisiana Rules of Professional Conduct, which provides some further indication of the legal basis for Plaintiff's claims. (R.

4

Doc. 2 at 8). Finally, Plaintiff states, "I would like to file charges against Allen Renee Fredrick to for [misrepresentation]." (R. Doc. 5 at 6).

An action for attorney malpractice is a state law cause of action, not an action for violations of civil rights pursuant to 42 U.S.C. § 1983, despite Plaintiff having filed his first Amended Complaint (R. Doc. 2) and second Amended Complaint (R. Doc. 5) on forms for complaints arising under the Civil Rights Act. It is the substance of Plaintiff's allegations, not the title of the form on which they are filed, that controls the inquiry. Thus, Plaintiff's claims are state law claims and there is no federal question jurisdiction under 28 U.S.C. § 1331.

### 2. Diversity Jurisdiction

The Court recommends dismissal of Plaintiff's claims due to the absence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As there is no federal question, noted above, the remaining basis for subject matter jurisdiction would be diversity jurisdiction under 28 U.S.C. § 1332. Complete diversity requires all plaintiffs to be diverse from all defendants. Plaintiff appears to be a Louisiana resident and alleges that Defendant is a Louisiana resident, based upon the information provided on Plaintiff's second Amended Complaint. (R. Doc. 5 at 1). In addition, Plaintiff suggests that Defendant could not represent him in the Arkansas personal injury action, which further indicates Defendant's Louisiana citizenship. (R. Doc. 5 at 5). Because both parties to this litigation are citizens of the same state (Louisiana), diversity jurisdiction cannot be exercised. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1988) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.") (internal quotations omitted).

5

### B.     Prescription

Even if the Court had subject matter jurisdiction, Plaintiff's claims are prescribed regardless of whether they are classified as claims arising under 42 U.S.C. § 1983 or state law attorney malpractice. Plaintiff avers that the alleged wrongs committed by Defendant began in 2014, at the latest. (R. Doc. 1 at 1) ("… unfinished business they did not do for five years from 2014, until now…").[1] *See Crane v. Childers*, 655 Fed. App'x 203, 204 (5th Cir. 2016) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)) ("Under our precedent, a cause of action under 42 U.S.C. § 1983 accrues 'when [the] plaintiff knows or has reason to know of the injury which is the basis of the action.'").

While federal law governs determination of when the applicable prescriptive period begins, state law governs the applicable prescriptive period itself, regardless of whether Plaintiff's claims are characterized as a § 1983 action or one arising solely under state law. *See McGuire v. Larpenter*, 592 Fed. App'x 272, 274 (5th Cir. 2014) (citing *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007)) ("The limitations period for § 1983 claims in federal court is governed by state law, and we apply the limitations period that 'the state would apply in an analogous action in its courts.'").

Despite being provided opportunity and notice, Plaintiff did not attend the October 25, 2018 hearing, and there is no record of Plaintiff contacting the Court in any way to suggest that he was unavailable, either before the hearing or after. Accordingly, the Court was unable to inquire further into the timing of Plaintiff's claims, or Plaintiff's knowledge thereof.  The facts

---

[1] Plaintiff also makes allegations that the fork lift accident forming the basis of his original personal injury suit occurred March 18, 2010 (R. Doc. 1 at 1), and that "for 7 ½ year's [sic] I live like a bumm [sic]…" (R. Doc. 5 at 5), which would date the origin of Plaintiff's claims to around December of 2010 based on the June 4, 2018 filing of his Complaint. Thus, based on the claims as alleged by Plaintiff, and viewing them in the light most favorable to him, 2014 is the latest date on which the prescriptive period could have begun to run.

before the Court as set forth by Plaintiff are that he was aware of the wrongs alleged beginning in 2014.

La. R.S. 9:5605(A) sets forth a one-year prescriptive and three-year preemptive period of limitation, providing the following:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Plaintiff's action was filed on June 6, 2018, at least three-and-a-half years after December 31, 2014, the last day of the year in which Plaintiff alleges his cause of action accrued. Providing all inferences in favor of Plaintiff, his claim is prescribed as it was filed outside of the applicable period of limitation. Because the Court does not have jurisdiction, however, the issue of prescription need not be resolved at this time.

### III.  Conclusion

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** due to lack of jurisdiction.  Plaintiff has not shown that this Court has jurisdiction over his claims.

Signed in Baton Rouge, Louisiana, on April 24, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**